# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dale Robert Blankenship,**
**Petitioner Below, Petitioner**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1503** (Greenbrier County 10-D-135)

**Carol Deneen Blankenship,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dale Robert Blankenship, by counsel Paul S. Detch, appeals from the Circuit Court of Greenbrier County's order entered on November 8, 2012, wherein $31,659.60 of a trust account was distributed to respondent and the remaining $5,216.59 was distributed to petitioner. Respondent Carol Deneen Blankenship, by counsel Martha J. Fleshman, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred by failing to consider proceedings conducted in a particular family court hearing that he argues shows that he is entitled to a greater share of the trust account. He further argues that his due process rights were violated because the audiovisual recordings of the hearing were especially poor.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent married in 1985 and separated in 2010. In March of 2011, the parties were granted a divorce. The couples' marital home was sold with the proceeds thereof – $86,786.19 – placed into a trust account maintained by petitioner's counsel. Each party was distributed $25,000 apiece while the family court sought to determine an equitable distribution of the remaining marital assets, leaving $36,786.19 in the trust account. Respondent submitted several lists of items that she stated were under petitioner's control. By order entered September 17, 2012, the family court valued these items at $26,443 and found that respondent is entitled to a total of $31,659.60, based on her share of the items under petitioner's control and her half of the trust account. Petitioner appealed this ruling to the circuit court.

In the circuit court, petitioner argued that respondent sold certain marital property that was under her control, that some property that respondent submitted as being under petitioner's control was sold to his brother to satisfy a debt, and that the family court relied upon perjured

1

testimony. The circuit court found that the family court was not clearly erroneous in its findings and did not abuse its discretion when it found that petitioner did not show proof of any debt to his brother, that the property was transferred to remove it from the marital home, and that respondent is entitled to $13,221.50, in addition to her half of the real estate proceeds trust fund.[1] Based upon these findings, the circuit court refused his petition for appeal by order entered November 8, 2012. It is from this order that petitioner appeals.

As we have previously held:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Zickefoose v. Zickefoose*, 228 W.Va. 708, 724 S.E.2d 312 (2012).

Petitioner argues that a family court proceeding conducted on March 29, 2011, was never considered by the circuit court or family court and that testimony at the proceeding shows that petitioner should have received compensation for marital property respondent sold. Petitioner further argues defects with the audiovisual recordings made in the family court that violated his due process rights because the recordings were so poor they were unable to be transcribed for use on appeal. Finally, petitioner argues that the family court violated his due process and equal protection rights due to its failure to submit any hearing recordings to the circuit court for the appeal, other than the final hearing recording.

We find no merit in petitioner's arguments. First, regarding petitioner's argument that the family court did not consider the March 29, 2011, hearing simply because the family court omitted it from the list of hearings in the case, we find the omission to be insufficient to show that the circuit court did not, in fact, consider the testimony. While the family court did not include the hearing date "March 29, 2011," in its order listing all of the hearings, petitioner does not dispute that the family court, in fact, held the hearing and heard the testimony that petitioner believes supports his contentions. Additionally, the family court addressed petitioner's contention that items that remained in the home were under respondent's control, finding that petitioner was entitled to $4,000 of credit for the items.

Next, regarding petitioner's assertions that the audiovisual recording of the March 29, 2011, hearing was so poor as to violate his due process rights, and that the family court erred by not submitting transcripts or recordings of the hearing, we also find no error. We have previously held that

---

[1] The circuit court also found that petitioner did not provide any supporting facts or grounds for his argument that the family court relied upon perjured testimony.

"It is the duty of a circuit clerk to maintain the completeness and integrity of items in the court file. . . .[2] However, we believe it is the duty of the litigants to insure that all of the proper documents find their way into the court file. . . . [W]e feel the parties must bear the burden of creating a clear, concise record for future review. Otherwise, future courts may issue confusing and conflicting rulings, creating frustration for the parties and leading to more appeals." *Porter v. Bego*, 200 W.Va. 168, 170 n. 2, 488 S.E.2d 443, 445 n. 2 (1997). . . .

*Carr v. Hancock*, 216 W.Va. 474, 476, 607 S.E.2d 803, 805 (2004) (footnote in original). Additionally, according to West Virginia Code § 51-2A-8(d), "[t]he recording of [a family court hearing] or the transcript of testimony, as the case may be . . . constitute the exclusive record and . . . shall be made available to the parties." Therefore, it was petitioner's duty to insure that the recording was made available to the circuit court and to this Court. Petitioner's argument that the recording was poor and, therefore, unable to be transcribed fails because he was not required to submit a hearing transcript, but was specifically permitted to submit the recording itself on appeal to the circuit court and failed to do so.[3] After of a review of the record, we find no clear error in the family court finding that petitioner was entitled to no more than $4,000 credit or abuse of discretion in the circuit court's refusal of petitioner's appeal from family court.

For the foregoing reasons, the circuit court's November 8, 2012, order is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] We recognize, however, the tenets of West Virginia Code, 51-2A-8(c) and (d) [2001], which states that electronic recordings of hearings shall be "securely preserved by the secretary-clerk of the family court judge and shall not be placed in the case file in the office of the circuit clerk [.]" However, the statute goes on to state that, at the request of the family court judge, the circuit clerk must take custody of and store the electronic recording media. These electronic recordings or any transcripts made of the hearings, exhibits, and all other documents "constitute the exclusive record" of the case.

[3] A review of the recording by this Court revealed no issue with the sound quality.